**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.                                                                  No. 99-4938

ANDREA JOY JAMES, a/k/a Dee,
            *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Terrence W. Boyle, Chief District Judge.
(CR-98-128)

Submitted: December 21, 2000

Decided: April 25, 2001

Before WIDENER, WILKINS, and NIEMEYER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Gregory J. Ramage, LAW OFFICE OF GREGORY RAMAGE, Raleigh, North Carolina, for Appellant. Janice McKenzie Cole, United States Attorney, Anne M. Hayes, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Andrea Joy James was convicted of conspiracy to possess with intent to distribute cocaine base, in violation of 21 U.S.C. § 846 (1994), and possession of cocaine base with intent to distribute, in violation of 21 U.S.C. § 841(a) (1994). At sentencing, the district court attributed 80.9 kilograms of crack cocaine to James. After the district court imposed a two-level enhancement pursuant to *U.S. Sentencing Guidelines Manual* § 3C1.1(c) (1998) for James' leadership role in the offense, the applicable guideline range for each offense was 292 to 365 months. The district court sentenced James to two concurrent 330-month sentences, and James timely appealed. On appeal, James contends that her conviction and sentence violate *Apprendi v. New Jersey*, 530 U.S. 466 (2000). She also contests the district court's factual findings regarding the amount of cocaine attributable to her and her role in the offenses.

We find James' contentions meritless. We reject James' *Apprendi* challenge because, assuming that an error did occur, James cannot demonstrate that the error affected her substantial rights. *See United States v. White*, ___ F.3d ___, 2001 WL 87453 (4th Cir. 2001). We also reject James' challenges to the district court's factual findings because those challenges consist of nothing more than baldly conclusory denials and fail to make the kind of affirmative showing of inaccuracy required to prevent the district court from adopting the information contained in the presentence report. *See United States v. Love*, 134 F.3d 595, 606 (4th Cir. 1998) ("Without an affirmative showing the information is inaccurate, the court is free to adopt the findings of the [presentence report] without more specific inquiry or explanation.").

Accordingly, we affirm James' conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately represented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

v.

ANDREA JOY JAMES, a/k/a Dee,
        *Defendant-Appellant.*

No. 99-4938

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Terrence W. Boyle, Chief District Judge.
(CR-98-128)

Submitted: December 21, 2000

Decided: April 25, 2001

Before WIDENER, WILKINS, and NIEMEYER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**COUNSEL**

Gregory J. Ramage, LAW OFFICE OF GREGORY RAMAGE, Raleigh, North Carolina, for Appellant. Janice McKenzie Cole, United States Attorney, Anne M. Hayes, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Andrea Joy James was convicted of conspiracy to possess with intent to distribute cocaine base, in violation of 21 U.S.C. § 846 (1994), and possession of cocaine base with intent to distribute, in violation of 21 U.S.C. § 841(a) (1994). At sentencing, the district court attributed 80.9 kilograms of crack cocaine to James. After the district court imposed a two-level enhancement pursuant to *U.S. Sentencing Guidelines Manual* § 3C1.1(c) (1998) for James' leadership role in the offense, the applicable guideline range for each offense was 292 to 365 months. The district court sentenced James to two concurrent 330-month sentences, and James timely appealed. On appeal, James contends that her conviction and sentence violate *Apprendi v. New Jersey*, 530 U.S. 466 (2000). She also contests the district court's factual findings regarding the amount of cocaine attributable to her and her role in the offenses.

We find James' contentions meritless. We reject James' *Apprendi* challenge because, assuming that an error did occur, James cannot demonstrate that the error affected her substantial rights. *See United States v. White*, ___ F.3d ___, 2001 WL 87453 (4th Cir. 2001). We also reject James' challenges to the district court's factual findings because those challenges consist of nothing more than baldly conclusory denials and fail to make the kind of affirmative showing of inaccuracy required to prevent the district court from adopting the information contained in the presentence report. *See United States v. Love*, 134 F.3d 595, 606 (4th Cir. 1998) ("Without an affirmative showing the information is inaccurate, the court is free to adopt the findings of the [presentence report] without more specific inquiry or explanation.").

Accordingly, we affirm James' conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately represented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*